Hardy R. Murphy CA Bar No. 187149
hardy.murphy@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-438-5852
Facsimile: 213-239-9045

Brett A. Overby, CA Bar No. 317653
brett.overby@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants FLOWSERVE US, INC., and
FLOWSERVE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY MONDRAGON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FLOWSERVE US, INC., a Delaware Corporation; FLOWSERVE CORPORATION a New York Corporation; and DOES, 1 to 25, inclusive <br><br> Defendants. | Case No. <br><br> **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> <u>Filed concurrently with:</u> <br> • *Civil Cover Sheet;* <br> • *Certification of Interested Parties;* <br> • *Corporate Disclosure Statement;* <br> • *Request for Judicial Notice;* <br> • *Notice of Related Cases;* <br> • *Declaration of Shakeeb Mir;* <br> • *Declaration of Hardy R. Murphy.* <br><br> [Los Angeles County Superior Court Case No. 24NWCV04895] <br><br> Complaint Filed: December 17, 2024 <br> Removal Filed: January 17, 2025 |

Case No.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, through this notice ("Notice"), Defendant Flowserve US Company (erroneously served as "Flowserve US, Inc." and referred to below as "Flowserve US") and Flowserve Corporation (Flowserve US and Flowserve Corporation are collectively referred to as, "Defendants") effect the removal of this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division). Defendants base this removal on 28 U.S.C. sections 1331 (federal question), 1332 (diversity), 1367 (supplemental), 1441(b), and 1446, as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action because it (i) is an action between diverse citizens (28 U.S.C. § 1332(a), and, additionally and separately, (ii) raises claims based, in part, on federal law (28 U.S.C. § 1331). First, the diversity statute grants district courts original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets requirements of the diversity statute for removal and is timely and properly removed by the filing of this Notice. Second, and separately and independently, as further set forth below, federal question jurisdiction is a separate ground for removal of this action to federal court.

## II. THE STATE COURT ACTION

2. On December 17, 2024, Plaintiff Eloy Mondragon ("Plaintiff"), an individual, initiated this civil action against Defendants in the Superior Court of California, County of Los Angeles, entitled *Eloy Mondragon, an individual, Plaintiff, vs. Flowserve U.S., Inc., a Delaware Corporation, Flowserve Corporation, and DOES 1 through 25, Inclusive*, *Defendants*, as Case No. 24NWCV04895 (the "State Court Action"). (A true and correct copy of the summons and complaint for damages [the

1   Case No.

"Operative Complaint"] filed by Plaintiff in the State Court Action is attached to this Notice as **Exhibit A**; *see also* Declaration of Hardy R. Murphy ["Murphy Decl."], ¶ 2, Ex. A.)  In the Operative Complaint, Plaintiff alleged causes of action against Defendants for (i) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA") (California Government Code § 12940(a); (ii) retaliation in violation of FEHA (Gov. Code § 12940(h)); (iii) failure to engage in the interactive process in violation of FEHA (Gov. Code § 12940(n)); (iv) failure to accommodate a disability in violation of FEHA (Gov. Code § 12940(m)); (v) wrongful termination in violation of public policy (California Labor Code § 132(a); (vi) failure to prevent discrimination in violation of FEHA (Gov. Code § 12940(j)); (vii) failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197, & 1197.1; (viii) failure to pay overtime wages in violation of Cal. Lab. Code §§ 510, et seq.; (ix) failure to provide required meal periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the applicable IWC wage order; (x) failure to provide required rest periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the applicable IWC wage order; (xi) failure to provide accurate itemized statements in violation of Cal. Lab. Code § 226; (xii) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; (xiii) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; and (xiv) failure to produce personnel and payroll records.  (Exhibit A; *see also* Murphy Decl. ¶ 2, Ex. A.)  Plaintiff alleged no tort or common law claims against Defendants or any other party in the Operative Complaint.

3.    On December 19, 2024, Plaintiff caused Defendants, through Defendants' registered agents for service of process in California, to be served with a copy of the summons and Operative Complaint.  (True and correct copies of the Proofs of Service of Summonses are attached to this Notice as **Exhibit B** and **Exhibit C**; *see also* Murphy Decl. ¶ 3, Ex. B, ¶ 4, Ex. C.)

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

4.    On January 17, 2025, Defendants filed, in the State Court Action, a general denial answer to the Complaint.  (A true and correct copy of this Answer is attached to this Notice as **Exhibit D**; *see also* Murphy Decl. ¶ 5, Ex. D.)

5.    In compliance with 28 U.S.C. section 1446(a), attached to this Notice as exhibits are all process, pleadings, and orders filed in the State Court Action, specifically:

- **Exhibit A** – Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and Notice of Case Management Conference.
- **Exhibit B** – Proof of Service of Summons issued to Defendant Flowserve US.
- **Exhibit C** – Proof of Service of Summons issued to Defendant Flowserve Corporation.
- **Exhibit D** – Defendants' Answer to Plaintiff's Complaint for Damages.

To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, County of Los Angeles, or served by any party.  (Murphy Decl. ¶ 7.)

## III.    TIMELINESS OF REMOVAL

6.    Section 1446(b) states that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …."

7.    On December 19, 2024, Plaintiff served Defendants with a copy of the summons and Operative Complaint through Defendants' registered agents for service of process.  (*See* Exhibit B and Exhibit C; *see also* Murphy Decl. ¶ 3, Ex. B, ¶ 4, Ex. C.)

8.    Here, this Notice is timely filed within thirty (30) days of Defendants' receipt of the summons and Operative Complaint through Defendants' registered agent for service of process in California, as Plaintiff caused Defendants to be served with

3       Case No.

the summons and Operative Complaint on December 19, 2024, and Defendants filed this Notice on January 17, 2025.

9. For these reasons, Defendants' removal is timely.

## IV. THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY BASED UPON DIVERSITY OF CITIZENSHIP

10. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C. § 1441(a), (b). To remove a case to federal court on diversity grounds, two elements must be met: (1) complete diversity must exist between the parties, *i.e.*, plaintiffs and defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

11. This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed by Defendants pursuant to 28 U.S.C. § 1441. In short, this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.

12. Flowserve US and Flowserve Corporation are the only named and served defendants in this action. Flowserve US and Flowserve Corporation both consent to this removal. *See* Declaration of Shakeeb Mir ["Mir Decl."], ¶ 6; *see also* 28 U.S.C. § 1446(b)(2)(A).

### A. Complete Diversity of Citizenship Exists Between the Parties.

#### 1. Plaintiff Is a Citizen of California.

13. For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For diversity purposes, an individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

4   Case No.

14.     Plaintiff alleges in the Operative Complaint that, "at all relevant times mentioned in [the] Complaint, [he was and is] residing within the County of Los Angeles, State of California." (Exhibit A; *see also* Murphy Decl. ¶ 2, Ex. A.) Further, when Plaintiff completed his onboarding documents with Flowserve US in or about November 2022, he confirmed that he lived in Hacienda Heights, California. (Mir Decl., ¶ 5(c).) Additionally, for the entirety of Plaintiff's employment with Flowserve US, he represented to Flowserve US that he lived, resided, and was domiciled in, and therefore was a citizen of, the State of California. (*Id*.) Flowserve US's payroll records for Plaintiff and correspondence issued to Plaintiff also indicate that, during the relevant time period, Plaintiff resided in California. (*Id*.)

15.     Therefore, at the time that Plaintiff filed this action and the time of this removal, Plaintiff is, was, and still is a citizen, resident and domiciliary of California.

**2.     Defendant Flowserve US Is a Citizen of Delaware and Texas**

16.      "A corporation shall be deemed to be a citizen of any State … by which it has been incorporated and of the State … where it has its principal place of business …." 28 U.S.C. § 1332(c).

17.     Defendant Flowserve US is, and at all times relevant to this action was, including at the time of this removal, a corporation formed under the laws of the State of Delaware.  (Mir Decl., ¶ 4(a).)

18.     The Supreme Court has established that a corporation's principal place of business for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).  The Court further ruled that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination."  *Id.* at 93*; see also Montrose Chem. v. Am. Motorists Ins. Co*., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate

5        Case No.

operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

19. At all times relevant to this action, including at the time of this removal, Defendant Flowserve US's principal place of business is in the State of Texas. (Mir Decl., ¶ 4(a).) Flowserve US's corporate headquarters is in Irving, Texas. (*Id*.) Flowserve US's principal place of business is where a majority of Flowserve US's executive and administrative functions take place. (*Id*.) The functions performed at Flowserve US's principal place of business include the activities of Flowserve US's high-level management teams, and the majority of Flowserve US's domestic administrative functions, including payroll, accounting, purchasing, marketing, human resources, and information systems. (*Id*.) All of Flowserve US's company-wide policies and procedures are formulated by its executives in Texas. (*Id*.)

20. Therefore, at the time that Plaintiff filed this action and the time of this removal, Defendant Flowserve US is, was, and still is a citizen, resident and domiciliary of Delaware and Texas—and not California.

**3. Defendant Flowserve Corporation is a Citizen of New York and Texas.**

21. Defendant Flowserve Corporation is, and at all times relevant to this action was, including at the time of this removal, a corporation formed under the laws of the State of New York. (Mir Decl., ¶ 4(b).)

22. At all times relevant to this action, including at the time of this removal, Defendant Flowserve Corporation's principal place of business is in the State of Texas. (Mir Decl., ¶ 4(b).) Flowserve Corporation's corporate headquarters is in Irving, Texas. (*Id*.) Flowserve Corporation's principal place of business is where a majority of Flowserve Corporation's executive and administrative functions take place. (*Id*.) The functions performed at Flowserve Corporation's principal place of business

6   Case No.

include the activities of Flowserve Corporation's high-level management teams, and the majority of Flowserve Corporation's domestic administrative functions. (*Id.*)

23. Therefore, at the time that Plaintiff filed this action and the time of this removal, Defendant Flowserve Corporation is, was, and still is a citizen, resident and domiciliary of New York and Texas—and not California.

**4.    The Citizenship of Doe Defendants Must be Disregarded.**

24. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998). As such, Plaintiff's inclusion of DOES 1 through 25 in the Complaint cannot defeat diversity jurisdiction.

**5.    Diversity of Citizenship Between the Parties is Established.**

25. Because (a) Plaintiff is a citizen of California, (b) Defendant Flowserve US is a citizen of Delaware and Texas, (c) Defendant Flowserve Corporation is a citizen of New York and Texas, and (d) the Court must disregard the citizenship of the Doe defendants, then (e) complete diversity among the parties existed at the time of the filing of the Complaint on December 17, 2024, and (f) complete diversity among the parties exists, now, at the time of this removal.

**B.    The Amount in Controversy Exceeds $75,000**

26. The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy. Pub. L. 112-63, Title II, § 205. Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").

27. The United States Supreme Court has held that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

Case No.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

*Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal … must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

28.     To meet this relatively low evidentiary burden, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can … be calculated using a combination of defendant's own numbers and Plaintiff's allegations").

29.     Here, as alleged in the Operative Complaint, Plaintiff seeks (a) special damages (including past, present and future loss of earnings, and loss of earning capacity according to proof); (b) general damages for emotional distress and mental anguish in a sum according to proof; (c) exemplary damages and punitive damages in a sum appropriate to punish Defendants and set an example for others; (d) all actual, consequential, and incidental losses and damages, according to proof; (e) penalties and pre-judgment interest to the extent permitted by law and reasonable attorney fees pursuant to Business & Professions Code § 1021.5; (f) reasonable attorney's fees and costs of suit incurred; and (g) "such other relief as the Court deems just and reasonable." (Ex. A, Complaint ¶¶ 57-59, 63-66, 71-74, 78-79, 81-82, 87-90, 99-102, 112, 115, 129, 132, 136, 140, 144, 150, 155-157, 164, 170, and Prayer for Relief ¶¶ 1-

8    Case No.

7.) Defendants estimate the amount in controversy—which easily exceeds $75,000—as follows:

30.    Loss of Income.  In the Operative Complaint, Plaintiff alleges Plaintiff suffered economic damages in earnings and other employment benefits as a proximate result of Defendants' alleged actions.  (Exhibit A, Complaint ¶¶ 63, 88, 99, 112, 129, 166, and Prayer for Relief ¶¶ 1, 4.)  Plaintiff commenced employment with Defendants (Flowerve US, to be specific) as a full-time employee and earned an hourly wage of $36.92 (before incentive compensation or benefits) [$76,793.60 per year (40 hours per week x $36.92 per hour x 52 weeks per year), or $6,399.47 per month, or $1,476.80 per week].  (Mir Decl., ¶ 5(a)-(d).)  These amounts do not include additional non-monetary benefits or potential incentive compensation.  (*Id*.)

31.    Plaintiff stopped working for Flowserve US (and any other defendant) on July 2, 2024.  Mir Decl., ¶ 5(a).  Although Defendants deny Plaintiff is entitled to recover any such economic damages, if Plaintiff is able to recover back wages from his last date of active employment with Flowserve US through the present—approximately 7 months or 28 weeks—Plaintiff's claim for lost wages alone as of the date of this removal is approximately **$41,983.31** [28 weeks x $1,476.80 per week].

32.    Further, based on the most recent Judicial Caseload Profile obtained from the United States District Courts' website[1], the median time for filing to trial in a civil matter is just over 29 months.  (*See* Request for Judicial Notice, Ex. E.)  By the time this case is resolved at trial, likely no earlier than June 2027 (approximately 29 months from the date of removal), and Plaintiff is or remains unemployed, he would likely seek at another 29 months of back pay alone, which is an additional approximately **$185,584.63** [29 months x $6,399.47 per month].

33.    Combined, Plaintiff's allegedly lost past and future earnings (through the likely trial of this action in this court) based on his claims are approximately

---

[1] https://www.uscourts.gov/sites/default/files/2024-12/fcms_na_distprofile0930.2024.pdf

9    Case No.

**$227,567.84** which is more than three times the minimum amount in controversy for diversity jurisdiction. Accordingly, by virtue of Plaintiff's own Complaint, he alleges, and places at issue an amount in controversy, lost wages that, **alone**, exceed the $75,000 jurisdictional requirement.

34. <u>Attorney Fees</u>. Plaintiff seeks to recover attorney fees. (Exhibit A, Complaint ¶¶ 59, 66, 74, 82, 102, 150, 170, and Prayer for Relief ¶¶ 5-6.)

35. When authorized by statute, claims for attorney fees are properly considered in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney fees may be included in the amount in controversy if recoverable by statute or contract).

36. The Court may consider all attorney fees that can reasonably be anticipated to be incurred over the life of the case. *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" should be considered for purposes of meeting the amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

37. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages").

38. Courts in this District have found an hourly rate of attorney fees of at least $525 for employment discrimination and retaliation cases to be reasonable. *See Vysata v. Menowitz*, No. CV 18-06157 JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL

10  Case No.

6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rates of $650, $450, and $250 per hour, depending upon years of experience, to be reasonable); *Red v. Kraft Foods Inc.*, 680 F. Appx 597, 599 (9th Cir. 2017) (finding a District court did not err in awarding $550 per hour).

39.    Additionally, courts in this District have determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial.  *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable); *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

40.    Based on the typical hourly rate for employment counsel in this District and the estimated time to litigate an employment action through trial, Plaintiff has put at least **$157,500** in attorney fees in controversy [300 hours x $525 per hour]—which, **alone**, also exceeds the $75,000 jurisdictional requirement.

41.    Emotional Distress.  Plaintiff also specifically alleges that he sustained general damages for emotional distress as a proximate result of Defendants' alleged wrongful conduct.  (Exhibit A, Complaint ¶¶ 64, 72, 79, 100, and Prayer for Relief ¶ 2.)

42.    Although Plaintiff does not state in his Complaint a certain amount for emotional distress damages, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands in complaint did not prevent satisfaction of the amount in controversy).

43.    The following cases show that in employment retaliation and discrimination cases, emotional distress damages, alone, are often sufficient to satisfy the amount in controversy requirement. *Bennett v. Alaska Airlines, Inc.*, CV 14-2804

11    Case No.

FMO RZX, 2014 WL 1715811, at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases):

- *Mendoza v. J & A Mercado's Plumbing & Rooter et al.*, 2024 WL 4867193 (awarding $100,000 in emotional distress damages in a single plaintiff employment case with allegations that included: (i) disability discrimination, (ii) failure to pay minimum and overtime wages, and (ii) failure to provide proper meal and rest breaks);

- *Zavala v. Somatdary Inc. et al.,* 2022 WL 18881208 (awarding $200,000 in past and future non-economic damages in a single plaintiff employment case with allegations that included: (i) failure to pay wages, including overtime wages; (ii) failure to pay rest period and meal period premiums; (iii) failure to maintain wage statements; disability discrimination in violation of the California Fair Employment Housing Act (FEHA); (iv) wrongful termination; (v) failure to engage in the interactive process; and (vi) failure to accommodate);

- *KO v. The Square Group LLC. dba The Square Supermarket; Ixzibit Inc.*, JVR No. 1503030036 (June 16, 2014) (awarding $125,000 in emotional distress damages in a single plaintiff employment case with allegations that included: (i) disability discrimination; (ii) failure to engage in a good faith interactive process; (iii) failure to provide a reasonable accommodation; (iv) retaliation; (v) failure to prevent discrimination/retaliation; (vi) and wrongful termination in violation of public policy; (vii) failure to pay overtime wages; and (viii) and failure to pay for missed meals and rest periods);

- *Betson v. Rite Aid Corp.*, 34 Trials Digest 14th 9, 2011 WL 3606913 (Super. Ct. L.A. County May 27, 2011) (awarding $500,000 for pain and suffering to employee in discrimination action).

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

44. Accordingly, the amount in controversy from Plaintiff's claims for emotional distress damages, <u>alone</u>, is more likely than not well in excess of $75,000.

45. <u>Amount in controversy before punitive damages</u>. Without even accounting for the punitive damages, the total amount in controversy is at least **$586,439.83** as demonstrated in the chart below:

| Type of Damages/Claim | Amount in Controversy |
|---|---|
| Lost Earnings | **$227,567.84 =** 168,355.20 + $185,584.63 (*see* paragraphs 30-33, above) |
| Attorney Fees | **$157,500+** (*see* paragraphs 34-40, above) |
| Emotional Distress | **$75,000+** (*see* paragraphs 41-44, above) |
| **Total** | **$460,067.84** |

46. <u>Punitive Damages</u>. Plaintiff seeks to recover punitive damages. (Exhibit A, Complaint ¶¶ 7, 57, 65, 73, 80, 81, 101, and Prayer for Relief ¶ 3.)

47. Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action").

48. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359 (9th Cir. 1994). An examination of jury awards shows that punitive

damages awards, alone, in employment discrimination cases often exceed the $75,000 amount in controversy requirement. *Carter v. CB Richard Ellis*, 19 Trials Digest 6th 2, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).

49. Plaintiff's claim for punitive damages, alone, exceeds the requisite $75,000 amount in controversy threshold. *Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages … in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum").

50. Therefore, the inclusion of punitive damages—*to the exclusion of Plaintiff's other prayers for damages*—further affirms that the amount in controversy requirement is met here.

## V. THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY BASED ON FEDERAL QUESTION JURISDICTION

51. Federal question jurisdiction also supports this removal.

52. Specifically, Section 301 of the Labor Management Relations Act ("LMRA") provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

53. Section 301 preempts "claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996-97 (9th Cir. 1987) (citations omitted). As the Ninth Circuit has noted, "[a]lthough the language of § 301 [of the LMRA] is limited to 'suits for violation of contracts,' it has been construed quite broadly to cover most state-law actions that require interpretation of labor

agreements." *Associated Builders & Contractors, Inc. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57, *opinion amended and superseded* (9th Cir., Mar. 27, 1997, No. 95-16202) 1997 WL 236296, (9th Cir. 1997) (*citing Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law.").

54.    State law causes of action whose outcome depends on an interpretation of the terms of a collective bargaining agreement are preempted by Section 301 of the LMRA. *Young*, 830 F.2d at 997, 999. If evaluation of a claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court. *Id.* These claims must be re-characterized as LMRA Section 301 claims and, as such, are removable to federal court. *Associated Builders & Contractors*, 109 F.3d at 1356; *Young*, 830 F.3d at 997, 1002.

55.    Plaintiff was a member of and represented by a labor organization known as the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW), AFL-CIO-CLC, Local Union 4997 United Steelworkers (the "Steelworkers") (*See* Mir Decl. ¶ 5(b).) The Steel workers is a labor organization within the meaning of Section 2(5) of the NLRA and Section 301 subsection (a) of the LMRA, 29 U.S.C. sections 152(5) and 185 subsection (a).

56.    Flowserve US and the Steelworkers are parties to a collective bargaining agreement ("CBA") that sets forth the terms and conditions governing Plaintiff and other individuals' employment in the same bargaining unit. A true and correct copy of the CBA is attached hereto as Exhibit F. (*See also* Mir Decl. ¶ 5(b).)

57.    At all relevant times up to and including Plaintiff's termination, Flowserve US is a company engaged in commerce and in an industry affecting

15    Case No.

commerce within the meaning of the NLRA and the LMRA, 29 U.S.C. sections 152(2), (6), (7) and 185 subsection (a).

58.    By way of allegations in his Complaint, Plaintiff explicitly and implicitly alleges claims arising under provisions of the CBA, such as discrimination, wages, hours of work, overtime, leaves of absence, and sick leave. (*See* Exhibit F at p. 1.)

59.    The CBA also governs the grievance process for all claims by employees against the employer, alleging violations of the CBA, which includes a four-step process. (Exhibit F at p. 4-7.) The fourth step is arbitration procedures, which serves the underlying purposes of the LMRA. (*Id.*)

60.    Thus, Plaintiff's claims cannot be resolved without applying and interpreting provisions of the CBA, including its grievance procedures and whether he agreed to arbitrate some or all of his claims. Each of these questions is reserved for federal courts pursuant to the LMRA.

61.    Accordingly, Plaintiff's claims are (1) completely preempted by Section 301 of the LMRA, (2) are properly characterized as a Section 301 claim, and (3) removal jurisdiction exists on this basis. As discussed, Section 301 preempts all state law claims the evaluation of which is "inextricably intertwined" with the resolution of a dispute about the meaning or application to of the terms of a labor contract. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991). "Once preempted, any claim purportedly based on a state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (internal citations and quotations omitted); *accord Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 403 (9th Cir. 1990). Therefore, removal based on a federal question jurisdiction is a separate ground for removal of this action to federal court.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

## VI. NO JOINDER REQUIRED

62. Unnamed, or Doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (Doe defendants need not join in removal).

## VII. VENUE

63. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The State Court Action was pending in the Superior Court of California, County of Los Angeles, which is located in the Western Division of the United States District Court for the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (describing the "Western Division" of the Central District of California as comprising, among others, the County of Los Angeles).

## VIII. NOTICE OF REMOVAL TO PLAINTIFF

64. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice to Plaintiff of the filing of this Notice of Removal and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Los Angeles. Further, in accordance with Federal Rule of Civil Procedure 7.1 and Central District of California Local Rule 7.1-1, respectively, Defendants concurrently file Defendants' Corporate Disclosure Statement and Certification of Interested Parties.

## IX. PRAYER FOR REMOVAL

WHEREFORE, because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, **which Defendants first ascertained when Plaintiff served the Complaint upon Defendants on December 19, 2024**, Defendants respectfully request that this Court exercise its removal jurisdiction over this action based on diversity of citizenship.

17        Case No.

Further, federal question jurisdiction is a separate ground for removal of this action to federal court.  Accordingly, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

In the event this Court questions the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED: January 17, 2025          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Hardy R. Murphy
     Hardy R. Murphy
     Brett A. Overby
     Attorneys for Defendants FLOWSERVE US, INC., and FLOWSERVE CORPORATION

18       Case No.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441, AND 1446